IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONWIDE GENERAL INSURANCE COMPANY, | |
| **Plaintiff,** | |
| v. | Case No. 25-CV-01378-SPM |
| MCJ RESTAURANT GROUP, LLC d/b/a THE GASTHAUS, | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

Before this Court is a Motion for Default Judgment filed by Plaintiff Nationwide General Insurance Company against Defendant MCJ Restaurant Group, LLC d/b/a The Gasthaus. (Doc. 21). Having fully considered all of the issues presented, Plaintiff's Motion for Default Judgment is **GRANTED**.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Nationwide filed the instant declaratory judgment action seeking a declaration that it does not owe a duty to defend or indemnify Defendant MCJ with respect to a lawsuit filed by Elizabeth Wright against MCJ in the Twentieth Judicial Circuit for St. Clair County, Illinois. (*See* Doc. 21, p. 1 (citing *Wright v. MCJ Rest. Grp., LLC*, No. 2025LA000186 (Ill. Cir. Ct.)); *see also* Doc. 1). In her state court case, Wright alleges that she was sexually harassed and assaulted by her supervisor (an owner of MCJ) on multiple occasions while she was employed by MCJ as a manager for The Gasthaus. (*See id.*).

Nationwide filed its Complaint in this Court on July 16, 2025. (*See* Doc. 1).

While MCJ and Wright were both initially named as Defendants, Nationwide and Wright executed a Stipulation of Dismissal on October 27, 2025 in which she agreed to be bound by the declaration, judgment, or final order of this Court in this case. (*See* Doc. 17; *see also* Doc. 19). This Court dismissed all claims against Wright pursuant to Federal Rule of Civil Procedure 41(a)(2) on October 27, 2025. (*See* Doc. 18; *see also* Doc. 20). Although service of process was executed on MCJ on August 8, 2025, MCJ did not file an answer or any other responsive pleading. (*See* Doc. 12). Nationwide moved for entry of default against MCJ on September 9, 2025; the Clerk of Court entered default on September 10, 2025. (*See* Docs. 13, 14). Nationwide filed the instant motion on October 28, 2025. (Doc. 21).

## APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 55 covers the entry of default judgment, which has two stages. *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The district court may then enter judgment on default pursuant to Rule 55(b)(2). *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (citing FED. R. CIV. P. 55(b)(2)). "When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages." *Id.* (citing FED. R. CIV. P. 8(b)(6); *Quincy Bioscience, LLC v.*

*Ellishbooks*, 957 F.3d 725, 725 (7th Cir. 2020) (affirming entry of default judgment)).

## ANALYSIS

The applicable Businessowners Policy was issued to Mackenzie Rohr and was effective from March 7, 2023 to March 7, 2024, yet was cancelled effective November 11, 2023. (Doc. 21, p. 3). The policy included "'employees' . . . other than either your 'executive officers' . . . or your managers . . . , but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business." (*Id.*, p. 6 (quoting *id.*, Ex. B)). An "occurrence" was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* (quoting *id.*, Ex. B)). Coverages included bodily injury and property damage liability with specific exclusions. (*Id.*, pp 4–6 (quoting *id.*, Ex. B)). Both expected and intended injuries were excluded from coverage, as were any injuries that were "sustained by a different person, entity, real property, or personal property than that initially expected or intended." (*Id.*, p. 5 (quoting *id.*, Ex. B); *see also id.*, pp. 4–5 (quoting *id.*, Ex. B)). Bodily injury due to "[e]mployment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person" were also excluded. (*Id.*, p. 6 (citing *id.*, Ex. B)).

In the pending Motion, Nationwide argues that MCJ does not have a duty to defend MCJ because it is not named as an insured on the applicable policy and that Wright's allegations in her lawsuit fall within various policy exclusions. (*See* Doc. 21). Specifically, Nationwide insists that MCJ is not an insured on the policy, since Rohr

(an individual) was the only insured listed. (*Id.*, p. 8). Nationwide also argues that the policy's Employer's Liability exclusion, Employment Practices exclusion, Bodily Injury to Any Insured exclusion, and Laws exclusion all bar coverage. (*Id.*, pp. 8–11). They also argue that "to the extent the underlying lawsuit alleges that MCJ was aware of and assisted or encouraged Nelson's conduct, the underlying lawsuit does not allege an 'occurrence' as required to trigger coverage under the Policy, and the Expected or Intended Injury exclusion would apply to bar coverage." (*Id.*, p. 12 (citing *W. Am. Ins. Co. v. Vago*, 553 N.E.2d 1181, 1185 (Ill. App. Ct. 1990))).

Considering the above, it is clear that Plaintiff Nationwide has provided evidence proving that (1) MCJ was not a named insured on the policy and (2) that the conduct at issue in Wright's lawsuit falls under the various exclusions in the policy. (*See* Doc. 21). "It is well-settled that the court has authority to enter declaratory default judgments as well as default judgments for monetary damages." *Tygris Asset Fin., Inc. v. Szollas*, No. 09 C 4488, 2010 WL 2266432, at *6 (N.D. Ill. June 7, 2010) (citing *Owners Ins. Co. v. Complete Mech. Servs., Inc.*, No. 08 C 4201, 2008 WL 4821654, at *1–2 (N.D. Ill. Oct. 31, 2008)). It is therefore appropriate for this Court to enter a default judgment.

## Conclusion

Accordingly, Plaintiff Nationwide General Insurance Company's Motion for Default Judgment is **GRANTED**. Default Judgment will be entered via a separate order.

**IT IS SO ORDERED.**

**DATED:  November 19, 2025**

                                                     *s/ Stephen P. McGlynn*
                                                     **STEPHEN P. McGLYNN**
                                                     **U.S. District Judge**